IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STEPHEN SCOTT<br>   *Plaintiff*<br><br>v.<br><br>ASI LLOYDS<br>   *Defendant* | §<br>§<br>§<br>§  Case No. 1:24-cv-00004<br>§<br>§<br>§<br>§ |

**NOTICE OF REMOVAL**

Defendant ASI Lloyds ("ASI" or "Defendant"), pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action Cause Number D-1GN-23-008736, *Stephen Scott v. ASI Lloyds*, 201st Judicial District Court of Travis County, Texas. In support of this Notice of Removal, ASI respectfully represents the following:

1. Plaintiff Stephen Scott ("Plaintiff") commenced the captioned action by filing Plaintiffs' Original Petition on December 4, 2023, in the 201st Judicial District Court of Travis County Court, Texas (the "Petition"). [*See* Exhibit "A" attached hereto and incorporated herein by reference as if set forth verbatim, that being a true and correct copy of *Plaintiffs' Original Petition* in Cause Number D-1GN-23-008736, *Stephen Scott v. ASI Lloyds*, 201st Judicial District Court of Travis County, Texas].

2. A copy of all process, pleadings, orders, and the docket sheet in the state court action are filed herewith. [*See* Index of Matters Being Filed]:

    a. Plaintiff's Original Petition, filed 12/4/2023;
    b. Travis County Docket Sheet.

3. The Petition alleges that Plaintiff owns property in Pflugerville, Travis County, Texas. [Petition, Ex. A, at ¶¶ 2, 10]. The Petition alleges that the property was damaged on April

15, 2021. [*Id.* at ¶¶ 2, 10]. The Petition further alleges that Plaintiffs submitted a claim for the damage, at which point ASI allegedly underpaid Plaintiffs' claims for damages to the Property. [*Id.* at ¶¶ 10-11]. Plaintiff alleged that ASI failed and/or refused to timely and fully compensate Plaintiff for Plaintiff's property damages and losses. [*Id.* at ¶¶ 12-48]

4. Plaintiff asserts the following causes of action against ASI: (1) Breach and Anticipatory Breach of Contract; (2) Breach of the Duty of Good Faith and Fair Dealing; (3) Violation of the Deceptive Trade Practices Act, Texas Business & Commercial Code §17.41 *et seq.*; (4) Violations of Texas Prompt Payment of Claims Act, Texas Insurance Code Chapter 542; (5) Unfair Settlement Practices in violation of Texas Insurance Code Chapter 541; (6) Fraud; and (7) Conspiracy. [Petition, Ex. A, at ¶¶ 49-84].

5. Defendant does not admit the underlying facts as alleged by Plaintiffs or as summarized above. Further, Defendant expressly denies that it has any liability to Plaintiffs.

## A.
## THIS REMOVAL IS TIMELY.

6. Defendant was served on December 15, 2023.

7. This Notice of Removal is filed within 30 days of "receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable" and is therefore timely under 28 U.S.C. Section 1446(b)(3).

## B.
## THE COURT HAS SUBJECT MATTER JURISDICTION

8. Removal is proper because there is complete diversity between the parties and more than $75,000 are pleaded as damages. 28 U.S.C. §§ 1332(a); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899-900 (9th Cir. 2006).

### 1.
### There is complete diversity of citizenship between the parties.

9. The Petition avers that Plaintiff resides in Travis County, Texas and is the owner of real property located at in Pflugerville, Texas. [Petition, Ex. A, at ¶¶ 2, 4, 10]. Upon information and belief, Plaintiff is a Texas citizen.

10. The Petition alleges that Defendant is a "Domestic" company registered to and engaged in the business of insurance in the State of Texas." [Petition, Ex. A., at ¶ 5]. However, Defendant was, and at the date of this Notice remains, an unincorporated association of ten underwriters.

11. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990). The members of ASI Lloyds are the underwriters alone. *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.").

12. The individual underwriters are as follows: Heather Day, Tanya Fjare, Kathleen Sundberg, John Curtiss, Kellie O'Nuallain, Edwin Cortez, Kevin Turner, Charlie Conover, Jeff Hannon, and Pat McCrink. Each of these underwriters is a citizen of the State of Florida

and resides outside the state of Texas as of the commencement of this lawsuit and its subsequent removal.

13. Because each of the underwriters is a citizen of a state other than Texas, there is complete diversity of citizenship. *Massey v. State Farm Lloyd's*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyd's is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").

## 2.
## There is more than $75,000.00 in controversy.

14. Plaintiff alleges that he is seeking monetary relief less than $250,000.00 excluding interest, statutory or punitive damages and penalties, and attorney's fees and costs. [Petition, Ex. A, at ¶ 7].

15. "When the plaintiff's complaint does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [the amount required for federal court diversity jurisdiction]." *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).

16. Here, although he claims to be seeking less than $250,000, Plaintiff requests an award of punitive/exemplary damages. [Petition, Ex. A, at ¶ 85(e), (f), (g), (i)]. Under Texas law, exemplary damages can be double the amount of economic damages plus non-economic damages, up to $750,000 or $200,000. TEX. CIV. PRAC. & REM. CODE ANN. § 41.008(b). "[T]he judicial threshold requirement of $75,000 could easily be met if Plaintiff's claim

4

for exemplary damages is successful." *Rapp v. Sine*, No. 4:20-CV-00230-P, 2020 WL 5500237, at *3 (N.D. Tex. Sept. 11, 2020) *citing Cantu v. Allstate Vehicle*, No. 7:16-CV-084, 2016 WL 1695284, at *2 (S.D. Tex. Apr. 28, 2016). Additionally, Plaintiff seeks an award of treble damages pursuant to TEX. INS. CODE § 541.152 and TEX. BUS. COM. CODE § 17.50. [Petition, Ex. A, ¶ 85(c)].

17. Prior to filing this removal, counsel for Plaintiff sent ASI a demand for $91,154.57 in repairs and $10,000.00 in attorneys fees. [*See* Exhibit "B" attached hereto and incorporated herein by reference as if set forth verbatim, that being a true and correct copy of Plaintiff's demand dated September 29, 2023].

18. Accordingly, the amount in controversy exceeds $75,000, excluding interests and costs. 28 U.S.C. § 1332(a); *Andrews v. E.E. du Pont de Nemours & Co.*, 447 F.3d 510, 514-15 (7th Cir. 2006).

## C.
## VENUE IS PROPER IN THIS COURT.

19. Venue is proper in this district court under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this District.

20. For these reasons, ASI asks this Court to remove the suit to the United States District Court for the Western District of Texas — Austin Division.

## REMOVAL PROCEDURE

21. The Clerk of Travis County has been provided notice of this removal.

22. Pursuant to Rule 81, copies of the following documents are attached:

   a.   All executed process in the state court case;

   b.   Pleadings asserting causes of action and all answers to such pleadings;

   c.   An index of matters being filed; and

  d.  A list of all counsel of record, including addresses, telephone numbers, and parties represented.

WHEREFORE, Defendants ASI Lloyds provides notice that this action is duly removed.

                Respectfully submitted,

                */s/ LaDonna G. Schexnyder*
                LaDonna G. Schexnyder
                Texas Bar No. 24072938
                Federal ID No. 1096795
                lschexnyder@lawla.com
                LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
                9311 Bluebonnet Blvd., Suite A
                Baton Rouge, Louisiana  70810
                Telephone:  (504) 568-1990
                Facsimile:  (504) 310-9195
                **ATTORNEY-IN-CHARGE FOR DEFENDANT ASI LLOYDS**

                -and-

                Carin L. Marcussen
                Texas Bar No: 24122467
                Federal ID No. 3732978
                cmarcussen@lawla.com
                LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
                801 Travis Street, Suite 1800
                Houston, Texas 77002
                Telephone:  (713) 222-1990
                Facsimile:   (713) 222-1996
                **ATTORNEY FOR DEFENDANT ASI LLOYDS**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on January 2, 2024, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile and/or email to:

Eric Dick (eric@dicklawfirm.com)
Dick Law Firm, PLLC
3701 Brookwoods Drive
Houston, Texas 77092

                                                     */s/ LaDonna G. Schexnyder*
                                                     LaDonna G. Schexnyder